## STEELE v. STRICKLAND. *
### No. 5135.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

758

Irion & Switzer, of Shreveport, for appellant.

Langston & Thomas, of Minden, for appellee.

MILLS, Judge.

■ Plaintiff brings this suit against the maker on the following instrument:

"$1200.00    Prescott, Arkansas    6/22/28.

"Six months after date, I, O. S. Strickland promise to pay C. F. Steele or his heirs Twelve Hundred dollars with 6% interest. As part security to this note, Strickland has assigned his interest, 11/32, in Panola Co., Texas, on D. L. C. Jarnigan lease. Steele to pay $600.00 down, $300 in 30 days, and balance in 45 days from date of second payment.

"O. S. Strickland.

"Witness:
    "J. R. Ellis
    "Otto Dixon"

Defendant admits his signature, but alleges that the document is a mere receipt granted for money borrowed in the amount of $1,400. A simple reading refutes completely this defense, as the instrument is not only in the form of a note, but provides for future payments to the maker, hence could not be a receipt for sums already advanced.

He further contends that he executed a note in the sum of $1,400, secured by mortgage on his home, in payment and in the place of the above instrument, the payment of which in full discharged all indebtedness between the parties. Defendant prays for the return of his $1,400 note or bond for protection against same.

■ The record discloses that the parties herein entered into an agreement whereby Strickland was to secure oil and gas leases. Steele was to pay all expenses connected with same and in return receive half of the profits.

In the early part of 1930 the second note, for $1,400, secured by mortgage, was executed by Strickland in favor of Steele. It is admitted that this note has been paid, the unrecorded mortgage surrendered, but the note not returned to the maker because of its loss.

Strickland claims that the second note was given in payment of the first and $200 additionally borrowed; Steele, that it was a separate and distinct transaction for a different consideration. As usual in these transactions, the business was so loosely handled that positive proof is not obtainable. The matter is resolved largely to a question of credibility. There is much confusing evidence on each side. Defendant claims he owed Steele nothing in excess of the $1,400. Steele offers in evidence his ledger and checks marked "Loans" in the amount of $4,380, and marked "Expense" in the amount of $1,380. Strickland's denial of receiving these loans is not positive. There is no satisfactory explanation of the failure of Strickland to receive back the note sued on if it had been discharged. He says:

"Q. Why didn't you get the note back that he is suing upon? A. Well, he had it in Arkansas and didn't bring it down.

"Q. Did he promise to send it to you? A. No, sir, he didn't promise to send it but that was just merely a receipt because he hadn't paid me twelve hundred dollars at one time, it was just amounts along until it accumulated that."

True, the $1,400 note also was not returned, but we find in the record a letter from Steele telling of the loss of the note, admitting its payment, and stating that, if it is not found, the letter shall stand as a receipt. No such document was issued as to the first note.

After reading the record very carefully several times, we do not find that it satisfactorily discharges the burden of proving payment of a clear existing written obligation. We see nothing to gain by a detailed review of all the conflicting testimony.

The judgment appealed from, in favor of plaintiff as prayed for, is not manifestly erroneous, but on contrary appears to be correct. It is accordingly affirmed.

■ As the $1,400 note is lost, is admittedly paid, and now prescribed, we see no reason to grant defendant's demand for a bond.